```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

 LEBERT THOMAS,                       :
                                      :
      Plaintiff,                      :
                                      :
 v.                                   :     No. 3:04CV980(DJS)
                                      :
 THE METROPOLITAN DISTRICT            :
 COMMISSION, GEORGE SPARKS, and       :
 ROBERT MOORE,                        :
                                      :
      Defendants.                     :
```

## MEMORANDUM OF DECISION AND ORDER

Plaintiff, Lebert Thomas, brings this action against the Metropolitan District Commission ("MDC"), George Sparks, and Robert Moore alleging that defendants violated his civil rights when they failed to promote him because of his race or in retaliation for suing the MDC on a prior occasion. Defendants have filed a motion to dismiss (dkt. # 29) the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth herein, defendants' motion is **DENIED**.

### I. BACKGROUND

Thomas has been employed with the MDC, which is a public entity created by the State of Connecticut, since 1985. On March 13, 2002, Thomas sued the MDC, in Thomas v. Metropolitan District Commission, No. 3:02CV457(MRK) (D. Conn.) ("Thomas I"), and alleged that the MDC violated his civil rights by discriminating against him on the basis of his race and by harassing him on the

basis of his race.  Thomas filed the above-captioned lawsuit ("Thomas II") against the MDC and two MDC employees on June 16, 2004.  After a jury trial, judgment entered for MDC in Thomas I on all Thomas's claims on November 16, 2004.

Prior to the entry of judgment for MDC in Thomas I, the court denied defendant's request to consolidate Thomas I and Thomas II.  This action is not noted on the docket sheet for Thomas I.  Also, prior to the entry of judgment for MDC in Thomas I, Thomas agreed to withdraw his failure to promote claims from Thomas I.  Again, this action is not reflected on the docket sheet for Thomas I.

## II. DISCUSSION

### A. STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted.  See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to

offer evidence to support his or her claims." <u>United States v. Yale New Haven Hosp.</u>, 727 F. Supp. 784, 786 (D. Conn. 1990) (citing <u>Scheuer</u>, 416 U.S. at 232).  In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993).

## B. RES JUDICATA

Defendants argue that Thomas is precluded by the doctrine of res judicata, or claim preclusion, from asserting the claims set forth in his amended complaint.  "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Federated Dept. Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981).

Thomas argues that the court should not find that his present claims must have been brought in <u>Thomas</u> I because his present claims are based upon a different, more recent, factual predicate.  "Claims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by res judicata regardless of whether they are premised on facts representing a continuance of the same 'course of conduct'. . . ." <u>Storey v.

-3-

Cello Holdings, L.L.C., 347 F.3d 370, 383 (2d Cir. 2003).  The Court of Appeals for the Second Circuit offers the following three illustrations of this principle:

> [a]pplication of this unremarkable principle is complicated by the at-times-difficult determination of what degree of conduct is necessary to give rise to a new "claim," particularly where ongoing conduct is involved.  Where the facts that have accumulated after the first action are enough on their own to sustain the second action, the new facts clearly constitute a new "claim," and the second action is not barred by res judicata. . . .  Slightly more problematic are those situations involving claims under statutes that regulate ongoing conduct. In those circumstances, prior actions may not have res judicata effect on subsequent actions where the subsequent actions address new factual predicates, even when the legal issues raised in both actions are closely related. . . .  Finally, however, claim preclusion may apply where some of the facts on which a subsequent action is based post-date the first action but do not amount to a new claim.

Id. at 384-85.   Further,

> [w]hether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.

N.L.R.B. v. United Technologies Corp., 706 F.2d 1254, 1259-60 (2d Cir. 1983).

The claims set forth in Thomas's amended complaint in the present action are not barred by res judicata.  Although the factual predicate for these claims is similar to that of Thomas's claims in Thomas I in that Thomas alleges that MDC's actions were motivated by retaliation for speaking out against race

discrimination, the facts essential to proving his claims in Thomas II were not necessarily present in Thomas I.  The factual predicate for the claims brought in Thomas II is MDC's failure to promote Thomas to two specific positions that became open in 2002, while the factual predicate for the claims brought in Thomas I were other retaliatory acts undertaken in September of 2000, after Thomas testified at a discrimination trial against MDC, through February of 2001.  Although Thomas alleges that MDC's motivation for the actions set forth in both his complaints was the same, each particular action was an unlawful employment practice.  Cf. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'").  Further, Thomas expressly declined to pursue any failure to promote claim in Thomas I, and the court declined to consolidate Thomas I and Thomas II.  Therefore, evidence that MDC failed to promote Thomas to the two specific positions was not necessarily present in Thomas I, and defendants' motion to dismiss is denied.

    The court expresses no opinion regarding the possibility of defendants' raising an issue preclusion or collateral estoppel defense in a properly supported motion for summary judgment.

## III. CONCLUSION

For the above reasons, defendants' motion to dismiss (dkt. # 29) is **DENIED**.

So ordered this 7th day of June, 2005.

                                            **/s/DJS**

                              **_____**
                                **DOMINIC J. SQUATRITO**
                            **UNITED STATES DISTRICT JUDGE**